UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                    Case No. 21-30816-CLH
                                                                         Chapter 13

ROY PHIFER,

    Debtor.

# MEMORANDUM OPINION AND ORDER DENYING MOTION TO RECONSIDER SEPTEMBER 26, 2025 ORDERS

On October 22, 2025, this matter came before the Court for hearing on the Motion to Reconsider September 26, 2025 Orders [Doc. 112] (the "Motion to Reconsider") filed by Roy Phifer (the "Debtor"). Based on the pleadings of record, the arguments of the Debtor and counsel, and for the reasons below, the Motion to Reconsider is DENIED.

## JURISDICTION

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered by United States District Court for the Middle District of Alabama on April 25, 1985. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## BACKGROUND

The Debtor, through his former bankruptcy counsel, Paul D. Esco ("Mr. Esco"), filed a voluntary petition under Chapter 13 of the Bankruptcy Code on May 7, 2021 (the "Filing Date"). The Debtor listed his residence as being located at 3754 Gaston Avenue, Montgomery, Alabama 36105 (the "Residence"). Doc. 1. In his Statement of Financial Affairs, the Debtor stated that he owned a business called RDL Enterprises, Inc. d/b/a Vision Express Tours (the "Business") located at 4620 Endover Drive, Montgomery, Alabama 36105 (the "Commercial

Property"). Doc. 11 at pp. 6-7. In his schedules, the Debtor listed the Commercial Property but stated that the Commercial Property was "in name of Debtor's business only: VISION EXPRESS TOURS & RDL ENTERPRISE INC." Doc. 16 at p. 1. The Debtor also listed his 100% ownership interest in the Business but stated that the Business had not operated since March 4, 2020. Doc. 16 at p. 5.

The Debtor identified Jack Daniels ("Mr. Daniels") as a secured creditor holding a Mortgage on the Commercial Property but, again, noted that the Commercial Property was in the name of the Business only. Doc. 16 at p. 11. On July 13, 2021, Mr. Daniels filed a proof of claim in the Debtor's case (the "Daniels Claim"), asserting a claim of $64,989.00 and a pre-petition arrearage of $4,085.55. Claim No. 5. The Promissory Note attached to the Daniels Claim named the Business as the obligor and was executed by the Debtor in his capacity as President of the Business. Claim No. 5 at pp. 6-9. The Corrective Mortgage attached to the Daniels Claim named the Business as the Mortgagor and was executed by the Debtor in his capacity as President of the Business. Claim No. 5 at pp. 10-12.

The Debtor filed his Amended Plan (the "Plan") on July 19, 2021. Doc. 30. The Plan proposed, among other things, to pay Mr. Daniels direct ongoing post-petition payments of $732.00 per month and cure payments on the pre-petition arrearage of $70.00 per month. *Id.* at pp. 2-3. The Court confirmed the Plan on August 17, 2021. Doc. 44.

On April 4, 2023, Mr. Daniels filed his Motion to Determine Absence of Co-Debtor Stay and for Comfort Order (the "Daniels Motion"). Doc. 56. In the Daniels Motion, Mr. Daniels argued that because the Commercial Property was owned by the Business and the Promissory Note and Corrective Mortgage were in the name of the Business, the automatic stay did not prevent Mr. Daniels from foreclosing on the Commercial Property. *Id.* at p. 1. Mr. Daniels asserted that notwithstanding the terms of the Plan, no payments had been made since January 31, 2023, although that January 31, 2023, payment appeared to have covered the period from November 2022 through February 2023. *Id.* at p. 2.

On June 8, 2023, the Court held a hearing on the Daniels Motion. After the hearing, the parties submitted an Order, which the Court entered on June 29, 2023 (the "Daniels Order"). Doc. 66. In the Daniels Order, the Court found that no stay applied to the Business and that Mr. Daniels was entitled to foreclose on the Commercial Property should the Business become contractually in default. *Id.* The Daniels Order also reduced the Daniels Claim to the amount paid. *Id.*

During the Debtor's case, the Chapter 13 Trustee has filed several notices or motions to dismiss because the Debtor failed to make payments required under the Plan. The first notice was filed on June 5, 2023. Doc. 61. The status report related to this notice specified that the Debtor was $5,192.00 delinquent in payments under the Plan, and that payments needed to increase to $1,165.00 per month for the Plan to remain feasible (i.e., for the Debtor to pay the remaining balance due under the Plan before the expiration of the statutory 60-month limit for completion). Doc. 67. After a hearing on July 13, 2023, the Court entered an order increasing Plan payments to $1,165.00 per month to maintain feasibility. Doc. 70. Based on that order, the Chapter 13 Trustee withdrew the notice. Doc. 72.

The Chapter 13 Trustee filed a notice on March 6, 2024, indicating that the Debtor was $8,614.00 delinquent in payments under the Plan. Doc. 73. The Chapter 13 Trustee subsequently withdrew that notice. Doc. 77.

The Chapter 13 Trustee filed a motion on July 30, 2024, stating that the Debtor was $10,174.00 delinquent in payments under the Plan. Doc. 78. The status report related to this motion noted that the Debtor was $11,339.00 delinquent in payments under the Plan, and that payments needed to increase to $1,317.00 per month for the Plan to remain feasible. Doc. 82. After a hearing on September 12, 2024, the Court entered an order increasing Plan payments to $1,419.00 per month to maintain feasibility. Doc. 84. Based on that order, the Chapter 13 Trustee withdrew the motion. Doc. 87.

The Chapter 13 Trustee filed its most recent motion (the "Trustee's Motion to Dismiss") on August 4, 2025, stating that the Debtor was $18,180.00 delinquent

in payments under the Plan. Doc. 91. The Court set the Trustee's Motion to Dismiss for hearing on September 24, 2025. Notice of the hearing on the Trustee's Motion to Dismiss was served on the Debtor by first class mail addressed to the Residence. Doc. 94. The status report related to the Trustee's Motion to Dismiss indicated that the Debtor was $19,599.00 delinquent in payments under the Plan, and that payments needed to increase to $1,883.00 per month for the Plan to remain feasible. Doc. 95.

On September 15, 2025, the Debtor filed, without consulting Mr. Esco, a Motion to Enforce Automatic Stay and Request for Sanctions [Doc. 96] (the "Motion for Sanctions"). In the Motion for Sanctions, the Debtor asserted that Mr. Daniels violated the automatic stay by demanding possession of the Commercial Property. *Id.* at p. 1. The Debtor signed the Motion for Sanctions and identified himself as a "Pro Se Debtor." *Id.* at p. 2. The Court set the Motion for Sanctions for a hearing on September 24, 2025. Notice of the hearing on the Motion for Sanctions was served on the Debtor by first class mail addressed to the Residence. Doc. 100.

On September 17, 2025, Mr. Daniels filed the Response by Jack W. Daniels to Motion to Enforce Automatic Stay and Request for Sanctions (the "Daniels Response"). Doc. 99. In the Daniels Response, Mr. Daniels noted that the Daniels Order confirmed the absence of a stay with respect to the Business and the Commercial Property and disclosed that it had completed a foreclosure of the Commercial Property on August 4, 2025. *Id.* at p. 1.

On September 18, 2025, Mr. Esco filed a Motion to Withdraw as Attorney (the "Motion to Withdraw"), stating that the Debtor and Mr. Esco disagreed regarding a legal issue that has presented a conflict for counsel. Doc. 101. The Court set the Motion to Withdraw for hearing on September 24, 2025. Notice of the hearing on the Motion to Withdraw was served on the Debtor by first class mail addressed to the Residence. Doc. 104.

In reply to the Daniels Response, on September 19, 2025, the Debtor filed, again without the assistance of Mr. Esco, his Motion to Reopen Case and Amend

Chapter 13 Plan to Include Business Debt and Enforce Stay (the "Debtor's Reply"). Doc. 103. The Debtor again asserted that Mr. Daniels' actions violated the automatic stay and alleged that Mr. Daniels improperly foreclosed on the Commercial Property. The Debtor also sought to amend the Plan to pay balances due on the Commercial Property and to bring the Commercial Property within the protection of the automatic stay. *Id.* at pp. 2-3. The Court set the Debtor's Reply for hearing on September 24, 2025.

On September 24, 2025, the Court held a hearing on the Trustee's Motion to Dismiss, the Motion for Sanctions, the Daniels Response, the Motion to Withdraw, and the Debtor's Reply. Mr. Esco, Tina Hayes (staff attorney for the Chapter 13 Trustee), and Richard Dean (attorney for Mr. Daniels) appeared at the hearing. The Debtor did not appear at the hearing.

With respect to the Motion to Withdraw, the Court determined that because the Debtor had begun to file documents pro se, there was an irreconcilable conflict between the Debtor and Mr. Esco. Accordingly, the Court granted the Motion to Withdraw. Doc. 106.

With respect to the Motion for Sanctions, the Daniels Response, and the Debtor's Reply, the Court took judicial notice of the Daniels Order, which confirmed the inapplicability of the automatic stay to the Business and the Commercial Property. Consistent with this finding on judicial notice, the Court denied the Motion for Sanctions. Doc. 107.

Given that the Debtor did not attend the hearing, the Court did not dismiss the Debtor's case for lack of a defense. Instead, the Court entered an order increasing the Debtor's Plan payments to $1,575.00 per month to maintain feasibility. Doc. 108. The Court also reset the hearing on the Trustee's Motion to Dismiss for December 17, 2025. Doc. 105.

On October 10, 2025, the Debtor filed the Motion to Reconsider. In the Motion to Reconsider, the Debtor alleges he has been abandoned by Mr. Esco and lied to by Mr. Dean. Doc. 112, at p. 1-2. He also alludes to a separate lawsuit in the United States District Court for the Middle District of Alabama. *Id.* at p. 1.

The Debtor asserts that Mr. Daniels has violated the stay because the Plan provided for the payment of the Business' debt related to the Commercial Property. *Id.* at p. 3-6. The Debtor also asserts that Mr. Esco, Mr. Dean, and prior counsel for Mr. Daniels coordinated their efforts to harm him. *Id*. at p. 9. He requests that the Court vacate the orders on the Trustee's Motion to Dismiss, the Motion for Sanctions, and the Motion to Withdraw (collectively, the "Challenged Orders").

## LEGAL ANALYSIS AND CONCLUSIONS OF LAW

A.  Standard of Review

The Court construes "pro se filings liberally to afford review on any 'legally justifiable base.'" *Smith v. United States*, 420 Fed. Appx. 944, 945 (11th Cir. 2011) (citing *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997)). Because pro se litigants often "lack familiarity with bankruptcy law and procedure," the court "liberally construes pro se pleadings to permit consideration of the relief sought within the applicable legal and procedural limitations." *In re Stenson*, Case No. 05-93978, 2005 WL 6488095, at *1 (Bankr. N.D. Ga. Nov. 17, 2005). *See also Isaac v. IMRG*, 224 Fed. Appx. 907, 909 (11th Cir. 2007) (citing *Faulk v. City of Orlando*, 731 F.2d 787, 789 (11th Cir. 1984)).

The Motion to Reconsider is governed by Rule 59(e) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 9023. *In re Moorer*, 544 B.R. 702, 704 (Bankr. M.D. Ala. 2016). Motions for reconsideration "should raise new issues by demonstrating why the court should reconsider its prior decisions, and setting forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *In re Sanomedics, Inc.,* No. 16-21659-RAM, 2018 WL 3816772, at *2 (Bankr. S.D. Fla. July 25, 2018) (internal quotations omitted). Rule 59(e) is not designed to "give a party the opportunity to rehash evidence, legal theories, or arguments" that it could have raised previously. *Carn v. Audientis LLC (In re Specalloy Corp.)*, 585 B.R. 916, 919 (Bankr. M.D. Ala. 2018).

There are three grounds for granting a motion to reconsider: (1) an intervening change in controlling law; (2) consideration of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. *In re*

6

*Moorer*, 544 B.R. at 704. Even construing the Debtor's pro se Motion to Reconsider liberally to afford review on any legally justifiable basis, none of these grounds apply here.

B.  The Motion to Withdraw

With respect to the Court's order on the Motion to Withdraw, the Court takes judicial notice of the Debtor's pro se filings immediately prior to and following Mr. Esco's request to withdraw as counsel. The Court also notes the allegations the Debtor has lodged against Mr. Esco in the Motion to Reconsider itself. These pleadings, coupled with the Debtor's characterizations of Mr. Esco at the hearing on the Motion to Reconsider, evidence a complete breakdown of the attorney-client relationship.

There is no new evidence indicating circumstances have changed regarding this relationship, and there has been no intervening change in controlling law since the Court entered the order on the Motion to Withdraw. The Debtor has not argued that the Court committed clear error in granting the Motion to Withdraw, and there is no manifest injustice in permitting Mr. Esco to withdraw from representing a client that fundamentally disagrees with him on how to proceed in this case. Accordingly, the Motion to Reconsider is due to be denied as to the Motion to Withdraw.

C.  The Trustee's Motion to Dismiss

As to the Trustee's Motion to Dismiss, the Court takes judicial notice that this motion was the fourth motion or notice filed in the Debtor's case calling to the Court's attention that the Debtor had failed to make the payments required under the Plan. Given the number of prior notices and motions, the record contained sufficient cause for dismissal of the Debtor's case under 11 U.S.C. § 1307(c)(6). Instead, the Court, in its discretion, declined to dismiss the case and reset the Trustee's Motion to Dismiss for hearing on December 17, 2025. This gave the Debtor yet another opportunity to complete his case and receive a discharge. Because of the Debtor's failure to make prior payments under the Plan, the monthly payment amount had to increase to ensure timely completion. As the

Chapter 13 Trustee pointed out at the hearing, only ten months remain for the Debtor to complete his payments under the Plan, and the remaining balance under the Plan is such that payments of $1,575.00 are required for the case to pay out.[1] This is not a matter of the Debtor's preference or the Court's discretion; it is a matter of simple arithmetic in the context of controlling law. *See* 11 U.S.C. § 1322(d)(1).

The Debtor presented no new, previously undiscoverable evidence indicating that the Chapter 13 Trustee's calculations were incorrect, nor has there been any intervening change in the law since the Court entered the order on the Trustee's Motion Dismiss. Moreover, the Debtor has not indicated any clear error in the order, nor has he demonstrated that the Court's order permitting him to remain in Chapter 13 to complete his case and receive a discharge resulted in manifest injustice. Thus, the Motion to Reconsider is due to be denied as to the Trustee's Motion to Dismiss.

D.      The Motion for Sanctions

With respect to the Motion for Sanctions, the Court takes judicial notice of the Debtor's petition, schedules, and statement of financial affairs, which were filed under penalty of perjury. In each of these filings, the Debtor represented that the Business was a separate entity from the Debtor and that the Commercial Property belonged to the Business. As such, the Commercial Property – by the Debtor's own admission – was not property of the Debtor or property of the estate, meaning the automatic stay did not apply to the Commercial Property. *See In re Johnson*, 608 B.R. 784, 788-790 (Bankr. S.D. Ga. 2019). While the Plan did provide that the Debtor would pay Mr. Daniels on account of the debt owed by the Business, that did not convert the Commercial Property into property of the bankruptcy estate. *See id.* at 791-92. Moreover, the Daniels Order – entered nearly 2½ years ago – specifically stated that the automatic stay did not apply to the Commercial Property.

---

[1] At the hearing on the Motion to Reconsider, the Chapter 13 Trustee informed the Court that the unaudited remaining balance due under the Plan is $16,500.00, which indicates the Plan payment will need to increase to timely pay out in ten months.

The Daniels Order is consistent with the Bankruptcy Code and the sound reasoning set forth in the *Johnson* case. There has been no intervening change in the law between the Court's entry of the order on the Motion for Sanctions and the Motion to Reconsider. There is no newly discovered evidence suggesting that the Commercial Property was owned by the Debtor instead of the Business. Based on the undisputed facts and the applicable law, the Court did not commit clear error when it denied the Motion for Sanctions.

While the Debtor might argue that the order works a manifest injustice upon him, the Court notes that the Debtor's choice to incorporate the Business and place the Commercial Property in the Business' name provided the Debtor with many benefits, including the protection of the Debtor's assets from creditors of the Business. The corporate existence of the Business cannot be ignored to now convert its assets the Debtor's personal assets for purposes of the automatic stay. *See Johnson*, 608 B.R. at 789. Accordingly, the Motion to Reconsider is due to be denied with respect to the Motion for Sanctions.

## CONCLUSION

The Court finds that the Debtor has failed to establish the elements necessary to alter the Challenged Orders. Accordingly, it is hereby

ORDERED that the Motion to Reconsider is DENIED.

Done this 23rd day of October, 2025.

/s/ Christopher L. Hawkins
Christopher L. Hawkins
United States Bankruptcy Judge

c: Debtor, *Pro se*
Paul D. Esco
Richard C. Dean, Jr., Attorney for Jack W. Daniels
Sabrina L. McKinney, Trustee